No. 2584.

J. D. ROBINSON v. THE STATE.

1. GAMING.—INDICTMENT charged the appellant with "unlawfully permitting a game with dice to be played and bet at in a house under his control, the said house being then and there a public place, to wit, a house for retailing spirituous liquors." *Held*, that under article 365 of the Penal Code, as amended by the act of March 5, 1881, the indictment is sufficient.
2. CERTIFICATE—TRANSFER OF INDICTMENTS.—The law does not require that, upon the transfer of an indictment from the district to the county court, the certificate of the clerk, certifying the transfer, shall recite that such indictment was signed or not signed by the foreman of the grand jury which presented it.
3. INDICTMENT—EXCEPTION.—Article 529 of the Code of Criminal Procedure expressly provides that the want of the signature of the foreman of the grand jury is not matter of exception to an indictment and can not affect its validity.
4. PENALTY.—The penalty assessed by the verdict in this case was a fine of twenty dollars, but the same, by inadvertence, is recited in the judgment as twenty-five dollars. This court reforms the judgment to conform to the verdict of the jury.

APPEAL from the county court of Anderson. Tried below before the Hon. J. N. Link, County Judge.

The opinion of the court sufficiently discloses the case. The penalty assessed by the jury was a fine of twenty dollars.

*Gammage & Gregg*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant in this case was convicted in the county court, upon an indictment transferred from the district court, which charged him with "unlawfully permitting a game with dice to be played and bet at in a house under his control, the said house being then and there a public place, to wit, a house for retailing spirituous liquors." The indictment is good under article 365, Penal Code, as amended by act approved March 5, 1881. (Acts Seventeenth Legislature, regular session, page 17.)

In the county court, defendant made a motion to quash:

1. Because the indictment was not signed by the foreman of the grand jury, and because there was no sufficient evidence that the same was ever returned into the district court of Anderson county. 2. That the transcript from the district court describes an indictment signed by Charles A. Stearne, foreman, as the one returned into the district court, but it does not show that this indictment is so signed, and it does not show that this is the indictment which was returned.

This motion was overruled, and the ruling is complained of as error. The transcript shows the return of and filing of the indictment in the district court on May 2, 1887. The order of transfer is dated May 12, and the filing in the county court May 13, 1887. In the order of transfer, the number, style and nature of the case are given. The clerk certifies that the bills of indictment, a number of which were embraced, including this one, "were each signed by C. A. Stearne, foreman of the grand jury." This indictment was not so signed, and, in so far as it is concerned, evidently the clerk has made a mistake. But it is a mistake which can not affect the validity of the indictment, because, in the first place, it is not made the duty of the clerk to state, as part of his certificate of transfer, that the indictment was signed by the foreman of the grand jury, or, in fact, that it was signed at all. This is a matter with which the clerk has nothing to do. (Code Crim. Proc., art. 437.) In fact it is expressly provided by statute that the want of the signature of the foreman of the grand jury is not a matter even of exception to an indictment (Code Crim. Proc., art. 529), and does not affect its validity. (Weaver v. The State, 19 Texas Ct. App., 565.) In other respects we find the certificate of transfer amply sufficient to identify the indictment, and the motion to quash was properly overruled.

By the verdict, the fine imposed by the jury was fixed at twenty dollars, but from an inadvertence or oversight the judgment was entered up for twenty-five dollars and costs. This error can, however, be corrected in this court, by reforming and rendering the judgment for the sum of twenty dollars and costs, so as to make it conform to the verdict; and it is accordingly ordered that the judgment be so reformed.

*Reformed and rendered.*