E. C. PATTERSON v. THE STATE.

No. 6169. Decided May 25, 1921.

**1.—Robbery—Statement of Facts—Transcript.**

While it may be permissible to consolidate and try simultaneously cases wherein there be separate indictments, yet, in the event of an appeal, the record in the appellate court must be complete in each case, or this court will be compelled to consider and treat such record as not containing statement of facts. Following Gumpert v. State, 88 Texas Crim. Rep., 492.

**2.—Same—Precedent—Practice on Appeal—Co-defendant.**

Where the same questions were before this court in a companion case with reference to the remarks of the court in empanelling the jury and refused testimony, they need not be considered again. Besides, in the instant case, the evidence was fully placed before the jury. Moreover, the rejected testimony was from a co-defendant and inadmissible.

**3.—Same—Evidence—Asking Questions of Witness—Rule Stated.**

This court could not lay down the rule that for the mere asking of a question as to whether or not one accused of crime had not theretofore been arrested or convicted, even though the accused had not taken the witness stand to reverse the judgment on this account, where the evidence is sufficient to sustain the conviction, and there is no error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of robbery by firearms; penalty, seven years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of robbery with firearms, and his punishment fixed at confinement in the penitentiary for seven years.

This is a companion case to that of the State of Texas v. J. M. Williams, recently decided by this court, and reversed for error in refusing to allow the appellant in that case to give testimony as to certain statements claimed by him to have been made to the arresting officer, which were rejected by the trial court but by us deemed to have been material in his behalf. It appears that said Williams and this appellant were indicted separately for complicity in the same criminal transaction, and by some character of agreement between the State and said defendants, they were tried simultaneously, and identical transcripts in each case are here on file, with but one statement of

facts to which, apparently under the same agreement of the attorneys in the trial court, we are referred in both cases.

Inasmuch as the matter appears without precedent, we have considered said single statement of facts, in both these cases, but must decline so to do hereafter. The spirit of the law, if not its letter, requires the filing and preservation as part of the record of each case upon appeal, of a complete transcript and statement of facts pertaining to said case; and if it be permissible to consolidate and try simultaneously cases wherein there be separate indictments, yet in case of appeal, the record in the appellate court must be complete in each case, or this court will be compelled to consider and treat such records as do not contain statement of facts, as being before us without such statement of facts. Gumpert v. State, 88 Texas Crim. Rep., 492. No. 6164, 229 S. W. Rep., 330.

Reference is here made to what we said in our opinion in the Williams case, *supra*, as to the remarks of the court below in impaneling the jury; also with regard to what was said by the accused in connection with the pistol found by the officers, and we approve what was so said as applicable to the instant case.

Bill of exceptions No. 6 in the instant case, is identical with the same bill as discussed in the opinion in the Williams case, *supra*, but in following out the statements made by the trial court in his qualification to said bill, and examining that part of the statement of facts referred to by said trial judge, we find that the matters complained of as being desired in evidence and rejected, as described in said bill of exceptions, are of no weight in the instant case for the reason that said evidence was fully placed before the jury by the officer who arrested appellant and said Williams; said officer testifying that the statements apparently rejected by the court, were later in the testimony of said officer fully narrated as having been made by this appellant.

The error for which said Williams case was reversed, viz: that Williams was not allowed to testify to certain statements made by him to the arresting officer after he was in custody, is of no avail to this appellant. Under our practice Williams could not have been introduced as a witness on behalf of appellant, they being indicted for participation in the same criminal transaction and offense; and appellant has, therefore, no ground for complaint on this appeal, based on the rejection by the trial court of all or any part of Williams' testimony, as relating to the guilt or innocence of this appellant. As stated by us above, however, it appears from the statement of facts referred to in the qualification of bill of exceptions No. 6, that the arresting officer testified fully to the statements made by this appellant after his arrest, which are substantially those offered by Williams while on the witness stand, the rejection of which were held by us to be error on his appeal. This appellant did not take the stand or offer to testify as a witness.

By bill of exceptions No. 14 complaint is made that while Williams was on the stand testifying, he was asked by the State's attorney if it was not true that he and appellant had both been arrested and charged with robbery with firearms at a former time. Upon objection to this question the trial court promptly refused to require or permit any answer, and both verbally and in writing instructed the jury not to consider or allude to said question so asked, as same was improper. We do not think the asking of such question presents reversible error. This court could not lay down the rule that for the mere asking of a question as to whether or not one accused of crime had not theretofore been arrested or convicted, even though the accused had not taken the witness stand, a judgment of conviction should be set aside solely because such question was asked, it appearing that it was not answered, and that the court did all in its power to prevent any injurious effects.

We do not deem it necessary to set out the evidence, as the facts are identical with those appearing in our opinion in the Williams' case, *supra,* and are ample to support the verdict and judgment.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*