## John Searcy v. The State.

### No. 6323.    Decided June 8, 1921.

**1.—Robbery—Statement of Facts—Practice on Appeal—Presumption.**

This court cannot consider the statement of facts filed in one case in the disposition of another; if appellant was not able to pay the stenographer for the preparation of a statement of fact, the law has provided a way in which he may protect himself, and in the absence of a statement of facts only fundamental error will be considered; and every presumption will be allowed in favor of the regularity of the conviction.

**2.—Same—Statement of Facts—Charge of Court—Practice on Appeal.**

In the absence of a statement of facts, it is impossible for this court, to say whether the trial court committed error in his refusal to give requested charges, and it will be presumed that the court's action in refusing special charges of the court is correct.

**3.—Same—Copy of Indictment—Foreman of Grand Jury.**

Where the copy of the indictment attached to appellant's motion that he had not been served with a true and correct copy of the indictment appeared not to have been signed by the foreman of the grand jury, but the bill of exceptions nowhere stated that the original indictment on file was signed by the foreman, this court cannot consider the alleged variance; besides, it was not necessary to the validity of an indictment that the signature of the foreman appear thereon.

**4.—Same—Continuance—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, it is impossible for this court to pass intelligently upon the question of a refusal of the application for continuance; but it appearing from the record that in the light of the testimony no error was committed by the court below in overruling the motion for continuance, there was no reversible error.

**5.—Same—Evidence—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, this court must presume that the trial court acted correctly in his rulings on the admission and rejection of testimony, and the judgment must be affirmed.

Appeal from the District Court of Titus.    Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of robbery; penalty, seven years' imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

R. H. *Hamilton,* Assistant Attorney General, for the State.

On question of continuance and motion for new trial: Harris v. State, 18 Texas Crim. App., 287; McAdams v. State, 24 id., 86.

HAWKINS, JUDGE.—Appellant was convicted of robbery, and his punishment fixed at seven years in the penitentiary.

The record in this case contains no statement of facts. Counsel for appellant in his brief states there are other cases involving this same transaction in which statement of facts have been filed, and requests us to consider them in this case. We have had occasion heretofore to call attention to this practice, and to express our disapproval of the same. We cannot consider a statement of facts filed in one case in our disposition of another. If appellant was not able to pay the stenographer for the preparation of a statement of facts, the law has provided a way in which he may protect himself under such circumstances, and procure such services regardless of his ability to pay therefore; therefore, this record will be treated in the absence of a statement of facts. In the absence of a statement of facts only fundamental errors will be considered by this court, and every presumption will be allowed in favor of the regularity of the conviction, the court's charge' the sufficiency of the evidence, and the correctness of the court's rulings. Branch's Anno. Penal Code, page 309, Section 602.

The transcript shows that appellant asked the court to submit to the jury three special charges, one of which was given and two refused. It is impossible for this court to determine whether the court committed error in his refusal to give the charges asked and declined, in the absence of a statement of facts. We will presume that the court was correct in declining to give the ones marked refused.

When this case was called for trial, appellant, through his counsel, presented to the court a motion in which he claimed that he had not been served with a true and correct copy of the indictment filed against him, and that he had been confined in the county jail prior to and all the time since said indictment was filed; and attached to his motion what he said was a purported instrument or copy of the original indictment for the inspection of the court. He claimed that this copy was not a true and correct copy of the indictment. The copy of the indictment attached to his motion appears not to have been signed by the foreman of the Grand Jury, at least no signature appears in the copy. The bill of exceptions presenting this matter nowhere states in it that the original indictment on file was signed by the foreman, and, therefore, it is impossible for this court to know that there was any variance in this particular or any other from the copy served on appellant and the original indictment as it existed at that time. There seems to be attached to this copy a certificate from the clerk of the court to the effect that it was a true and correct copy of the original bill of indictment. It is not necessary to the validity of an indictment that the

signature of the foreman appear thereon, and the same may be amended under the direction of the court by attaching the foreman's name after the same has been filed. The bill of exceptions being silent as to the status of the original indictment, this court will not be required to go beyond the bill to find whether the recitals in it were true or not. We, therefore, hold that the bill presents no error.

Appellant also complained of the failure of the court to grant an application for a continuance because of the absence of one Olan Robertson. In the absence of a statement of facts it is impossible for us to pass intelligently upon whether the court committed error in refusing this application or not. Even though diligence may have been used in securing process for the witness, and though his testimony might appear material from the face of the application, yet, in the light of the testimony in the case it might appear that no error was committed by the court in refusing to grant the continuance. The evidence may have developed the fact that even if the witness had been present and testified, that his testimony would probably not be true and would not likely change the result of the trial.

By bill of exceptions Number 3, 4 and 6 complaint is made as to the admission of certain testimony over the objection of appellant. The court is in the same trouble in an attempt to pass intelligently upon these bills in the absence of a statement of facts as confronted it in passing upon the failure of the court to grant the requested continuance. It may have been that all of this testimony admitted over appellant's objection because pertinent as to the facts developed upon the trial. It is our duty to presume that the court acted correctly in his rulings on the admission of testimony, unless we can ascertain from the record that he was in error with reference thereto, and it is impossible for us to determine this in the absence of a statement of facts.

The judgment of the trial court is affirmed.

*Affirmed.*