CLARENCE ANDERSON V. THE STATE.

No. 15764. Delivered December 21, 1932.
Reported in 55 S. W. (2d) 850.

The opinion states the case.

*J. P. Coon,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

A motion to quash the indictment because of the absence of the signature of the foreman of the grand jury was overruled. From the record it appears that the foreman's name was signed to the indictment. However, the indictment appearing otherwise regular, it is not essential that it bear the signature of the foreman of the grand jury. See Branch's Ann. Tex. P. C., p. 264, sec. 513, citing numerous cases, including Hannah v. State, 1 Texas App., 578. See, also, Tex. Jur., vol. 23, p. 616, sec. 21.

Neither statement of facts nor bills of exception are found in the record.

Appraisement of the special charges found in the record will be impracticable in the absence of the facts heard in the trial court.

In the motion for new trial, there is complaint of matters of procedure, but as to that, as well as to the judgment mentioned, this court is without jurisdiction to make any other order than to dismiss the appeal, for the reason that it appears from the record that the appellant is at large upon an appeal bond, which does not bear the approval of the trial judge. See article 835, C. C. P., 1925.

For the reason last stated, the appeal is dismissed.

*Dismissed.*