PETE RILEY v. THE STATE.

No. 20431. Delivered May 24, 1939.

162

The opinion states the case.

*E. O. Northcutt*, of Amarillo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for robbery. The punishment is assessed at confinement in the state penitentiary for a term of five years.

The only question presented for review is whether the court had the legal authority to pass sentence upon appellant at a subsequent term, and after the court at the preceding term had overruled a motion for a new trial, to which appellant had excepted and given notice of appeal.

Art. 768, C. C. P. (As amended Acts 1931, 42nd. Leg. p. 129, ch. 86, Sec. 1) reads as follows: "If a new trial is not granted, nor the judgment arrested, in a felony case, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making. the motion for a new trial, or the motion in arrest of judg-. ment; provided, that in all Criminal cases the Judge of the Court in which the defendant was convicted may, within his discretion, give the defendant credit on his sentence for the time or any part thereof which said defendant has spent in jail in said cause since his arrest and confinement until his sentence by the trial Court."

Art. 772, C. C. P., reads as follows: "If there is a failure from any cause whatever to enter judgment and pronounce sentence during the term, the judgment may be entered and

sentence pronounced at any succeeding term of the Court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

It is provided by Art. 772, supra, that judgment may be entered and sentence pronounced at any succeeding term, unless an appeal has been taken. In the instant case, notice of appeal was given by appellant upon his conviction at the term of court previous to the term at which sentence was pronounced against him. The jurisdiction of the trial court was thereby suspended and he could not legally pronounce sentence against appellant after notice of appeal was given. Consequently, appellant has not been legally sentenced.

In the absence of sentence having beeen pronounced against appellant, this court is without jurisdiction. See Hinman v. State, 54 Tex. Crim. Rep., 434; 113 S. W., 281; Nichols v. State, 7 S. W. (2d), 1075, 110 Tex. Crim. Rep., 112; Davis v. State, 28 S. W. (2d), 794; Acuff v. State, 98 Tex. Crim. Rep., 71 (75) 262 S. W., 761.

Therefore, the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.