In 3 Am.Jur., Sec. 423, p. 143, we find the rule stated as follows:

"Computation of Time.—As is true in the computation of time generally, in computing the time within which an appeal or error proceeding must be taken, the day on which the judgment or decree was rendered should be excluded, and the last day of the specified period should be included.

"The view has been taken that in determining whether Sunday should be excluded or included in computing time for an appeal, if the time limited exceeds a week, Sunday is included in the computation. For instance, when the last day falls on Sunday, it cannot be excluded and the proceedings taken on the following Monday unless there is some provision that it was the intention of the legislature that such day should be excluded. But if the time specified is less than a week, Sunday is excluded. * * *"

The case of Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 33 S.W. 112, 32 S.W. 872, 30 L.R.A. 498, 59 Am.St.Rep. 25, by the Supreme Court of this State, is cited as a supporting authority.

Also in 52 Am.Jur., Sec. 20, p. 346, it is said: "Acts Required by Statute.—Although there is authority to the contrary, it is usually held that in computing the time within which an act required by any statute must be done, if the last day therefor falls on a Sunday, the time for the performance of the act is not extended to the Monday following, but the last day for performance is the preceding Saturday, in the absence of an express statutory provision to that effect or a manifest legislative intent to exclude Sunday. The same principle has been applied to holidays; hence, the fact that the first day of a term of court, until which time an appellant was allowed to file his bill of exceptions, fell on a public holiday has been held to afford no excuse for an appellant's failure to file his bill prior to that day."

The conclusion is expressed that the provisions of Art. 760, C.C.P. relative to the period of time do not exempt or exclude Sundays or holidays. Having reached that conclusion, our duty is clear, for we have neither the authority nor the inclination to refuse to follow and apply the statutory mandate of the legislature.

Appellant's bills of exception, not having been filed within the time required by law, cannot be considered by this court.

The motion for rehearing is overruled.

Opinion approved by the court.

## Ex parte PADGETT.
### No. 24914.

Court of Criminal Appeals of Texas.
June 7, 1950.

———◆———

Waldo E. Ximenes, San Antonia, Grover C. Morris, San Antonio, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

**DAVIDSON, Judge.**

Relator, by writ of habeas corpus, seeks his discharge from the penitentiary, where he is confined serving a sentence imposed by the judgment of the District Court of Bell County, which judgment and sentence he claims to be null and void.

The penitentiary authorities, respondents here, show that, in addition to the judgment complained of, relator is held in that institution serving, also, a sentence imposed by the District Court of Kendall County.

The validity of the Bell County judgment does not affect relator's incarceration under the Kendall County judgment. Only if relator's confinement in the penitentiary rested alone upon the Bell County judgment would this court order his discharge thereunder. Ex parte Neisler, 126 Tex.Cr. R. 26, 69 S.W.2d 422; Ex parte Kemp, Tex. Cr.App., 230 S.W.2d 232; Ex parte Richardson, Tex.Cr.App., 230 S.W.2d 538.

The writ of habeas corpus is refused.

Opinion approved by the court.