## EX PARTE RALPH KING.

No. 25276. May 16, 1951.
Rehearing Denied June 20, 1951.

*Bowen C. Tatum*, and *H. E.* (*Bill*) *Tarpley*, both of Dallas, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Relator, an inmate of the state penitentiary, was convicted on October 9, 1933, in Cause No. 21,605 in the 15th Judicial District Court of Grayson County for the offense of burglary and sentenced to two years' confinement in the state penitentiary.

Again, on the same day and in the same court, in Cause No. 21,606, he was convicted of theft over $50.00 and sentenced to two years' confinement in the state penitentiary.

Further, in the same court and on the same day, in Cause No. 21,607, he was convicted of the offense of robbery and sentenced to fifteen years' confinement in the state penitentiary.

It is shown that the judgment in Causes Nos. 21,605 and 21,606 were made cumulative of the original judgment in Cause No. 21,607, leaving the relator to serve nineteen years under the sentences pronounced in Grayson County.

At the time of the granting of this writ of habeas corpus, we had not been informed of the fact that the relator had been convicted in Wichita County in Cause No. 8582 of that district court while he was out on clemency and given ten years for swindling and repetition. This sentence was not to begin until April 15, 1947, so at this time we find that relator is not entitled to his discharge.

Therefore, this writ is denied and relator is remanded to the custody of the penitentiary authorities to serve out the terms of the sentences present against him at this time.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

We are unable to comply with relator's request that we consider his attack upon the validity of the convictions in Bowie County notwithstanding that a sentence against him in the district court of Wichita County has not been served. This court is not authorized to render a declaratory judgment, the sole ground upon which we can entertain jurisdiction being to determine whether or not relator is entitled to release from confinement or discharge. See Ex Parte Neisler, 126 Tex. Cr. R. 26, 69 S.W. 2d 422; Ex Parte Richardson, 230 S.W. 2d 538; Ex Parte Padgett, 230 S.W. 2d 813; and Ex Parte Jones, 240 S.W. (2d) 776.

By supplemental application, it is alleged that the Wichita County conviction also is void (1) because appellant is adjudged to be guilty of "swindling and repetition," an offense unknown to the law, and (2) because the indictment is indefinite and is in fact two separate indictments, the first charging that offense of felony swindling and the second alleging only a prior conviction of felony theft.

A certified copy of the indictment is attached to the supplemental application from which indictment it appears that relator was charged in one count with the felony offense of swindling which count is concluded "against the peace and dignity of the State. C. H. Bailey, Foreman of the Grand Jury."

There follows on a separate page the allegation "that prior to the commission of the offense set out in and by the first count of this indictment by the said Ralph King he, the said Ralph King, was duly and legally convicted of a felony less than capital, and of like character and of the same nature as hereinbefore set out in and by the first count of this indictment, to wit:"

Such prior conviction is then described as a conviction in Cause No. 21,606 in the district court of Grayson County, Texas, for the offense of felony theft.

This allegation also ends "against the peace and dignity of the State," but the foreman's signature does not appear following such conclusion.

Arts. 392 and 396, C.C.P., provide that indictments shall be signed by the foreman of the grand jury officially, but Art.

512, C.C.P., provides that the want of the signature of the foreman shall not be grounds for exceptions to the form of the indictment.

Construing these statutes, this court has long held that the omission of the foreman's signature will not invalidate an indictment, and that the indictment may be amended under the directions of the court after its return by attaching the foreman's signature. See Branch's Ann. P.C., p. 264, Sec. 513; Searcy v. State, 89 Tex. Cr. R. 478, 232 S.W. 319; Robinson v. State, 24 Tex. App. 4, 5 S.W. 509; Weaver v. State, 19 Tex. App. 547; Anderson v. State, 122 Tex. Cr. R. 339, 55 S.W. 2d 850.

If the signature of the foreman is not essential to the validity of the indictment, it follows that it is immaterial that one count thereof was signed and not the others.

Also, the punishment assessed by the court does not exceed the maximum provided by law for the offense of felony swindling charged in the first count of the indictment. The first count therefore is alone sufficient to sustain the judgment of the trial court.

The indictment may be considered in construing the judgment and sentence in order to determine the offense of which relator was convicted. And the judgment may be reformed so as to show the offense of which the accused was found guilty by the court or jury.

A similar defect in the judgment and sentence was reformed by this court in Beebe v. State, 99 Tex. Cr. R. 638, 271 S.W. 97.

A judgment or sentence containing an irregularity which may be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked by habeas corpus.

Relator's motion for rehearing is overruled.

Opinion approved by the court.