the similarity existing in conditional pardons.

■ The convict surrenders no right, privilege, or consideration for the clemency extended. In accepting the clemency, he does so under the conditions upon which it is extended. Obviously, therefore, the proceeding to revoke probation is not a trial, as that term is used and contemplated by the Constitution in reference to criminal cases, and is not a proceeding required to be conducted as such a trial.

Appellant was not, therefore, entitled to a jury trial upon the issue as to whether he had violated the terms of probation or whether the probation should be revoked.

■ Whether the Adult Probation and Parole Law has been properly implemented by the appointment of supervisors and parole officers, as provided in the act, is a matter about which appellant cannot be heard to complain. The clemency by way of probation extended to him was by the court and not through the Board of Pardons and Paroles.

As heretofore noted, the punishment imposed by the trial court in the judgment was five years' confinement in the penitentiary. The imposition of sentence upon that judgment was suspended. When the trial court came on to revoke such suspension and impose sentence, appellant was sentenced to two years in the penitentiary.

■ The variance in the punishment assessed in the judgment and that imposed by the sentence is apparent.

■ In such cases, authority lies in this court to reform the sentence to conform to the judgment. McKinley v. State, 117 Tex.Cr.R. 243, 35 S.W.2d 148.

Accordingly, the sentence is now here reformed so as to fix appellant's punishment at not less than two nor more than five years' confinement in the penitentiary.

As so reformed, and finding no reversible error in the case, the judgment is affirmed.

Opinion approved by the Court.

Ex parte JONES.

No. 25353.

Court of Criminal Appeals of Texas.

June 13, 1951.

J. B. Sallas, Crockett, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is an application to this court for the writ of habeas corpus, by which relator seeks his discharge from the penitentiary.

The record reflects various convictions of relator—some in Houston County, and others in Jefferson County.

The Jefferson County convictions show that relator was sentenced December 27, 1948, to a term of five years in the penitentiary in each of several cases. An order attempting to cumulate the last of these with another case was ineffectual for that purpose, and the sentence in each case

ran concurrently. The record also affirmatively reflects that relator has not served the five-year sentence imposed by the Jefferson County convictions.

Relator is not now entitled, therefore, to his discharge from the penitentiary, and is not at this time entitled to attack the validity of the Houston County convictions which were prior to the Jefferson County convictions and which do not affect the validity of the Jefferson County convictions. Ex parte Padgett, Tex.Cr.App., 230 S.W.2d 813.

At the expiration of the service of the Jefferson County term, if relator has not also served the term imposed by the Houston County convictions, his right to invoke the writ of habeas corpus will be available.

The application for the writ of habeas corpus is denied.

Opinion approved by the Court.