he put on the stand? Did they prove it was not? He didn't testify."

The court approved the bill, but qualified it by certifying that the appellant did not object and that the county attorney did not use the words "He didn't testify", and did not at any time refer to the fact that the appellant did not testify.

The appellant excepted to the court's qualification, and the court did not prepare his own bill, as it became his duty to do under Rule 372(i), Texas Rules of Civil Procedure.

We must therefore consider the bill without the court's qualification. See Palmer v. State, 154 Tex.Cr.R. 251, 226 S.W.2d 634; Patterson v. State, 156 Tex.Cr.R. 489, 244 S.W.2d 217.

The bill as presented to the trial judge shows a clear violation of Art. 710, C.C.P. in that the county attorney alluded to and commented upon the defendant's failure to testify and calls for reversal. See Brown v. State, Tex.Cr.App., 264 S.W.2d 119; Jackson v. State, 129 Tex.Cr.R. 314, 87 S.W.2d 482; Johnson v. State, 31 Tex.Cr.R. 464, 20 S.W. 980; Branch's Ann.P.C., Sec. 375, p. 209.

The appellant's motion for rehearing is granted, the judgment is now reversed and the cause remanded.

### On State's Motion For Rehearing.

The state contends that Bill of Exception No. 2 should not be considered because the last sentence in the complained-of argument set out in our original opinion "He didn't testify" was improperly placed therein; and further contends that if the bill be considered at all, then such last sentence being improperly included therein should not be considered and, without the last sentence, the bill fails to reflect error.

█ This bill, as it appears in the transcript, complies with the statutes authorizing its consideration and, as approved, contains appellant's exception to the court's qualification. This exception placed the duty on the trial judge to prepare his own bill which he failed to do, therefore the bill must be considered without said qualification.

We remain convinced that this bill reflects reversible error.

The state's motion for rehearing is overruled.

Opinion approved by the Court.

### Ex parte Robert JONES.

### No. 27396.

Court of Criminal Appeals of Texas.

Dec. 15, 1954.

Martin & Shown, Houston, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

Relator again applies for writ of habeas corpus, seeking his release from the Texas Prison System. In Ex parte Jones, Tex. Cr.App., 240 S.W.2d 776, we held that an order of cumulation made by the District Court of Jefferson County was ineffectual. We also suggested to relator that he again apply to this Court for writ of habeas corpus when he could show that he had served the Jefferson County term.

This he has now done and is entitled to be released.

It is so ordered.