**STATE of Texas, Plaintiff,**

**v.**

**George B. PARR et al., Defendants.**

**No. 217.**

Court of Criminal Appeals of Texas.

April 5, 1956.

John Ben Shepperd, Atty. Gen. of Texas, Sam Burris, Dist. Atty., Alice, Wallace T. Barber, Dist. Atty., San Marcos, Sam Ratliff, Asst. Atty. Gen., D. S. Meredith, Jr., Asst. Atty. Gen., for the State of Texas.

No appearance for defendants.

WOODLEY, Judge.

This is a petition on behalf of the State presented for filing in this Court as an original proceeding. The prayer is for a Declaratory Judgment deciding whether or not the plea of limitation by certain defendants is good under Art. 180, Vernon's Ann. C.C.P., or whether the Statute of Limitations as to the offenses charged in pending indictments was tolled by Art. 183, Vernon's Ann.C.C.P.

The petition and brief in support thereof present the question to be decided and the reasons why a decision by this Court would facilitate the trial and give speedy and adequate relief upon a matter of great public interest.

The purpose to be accomplished, however laudable and of what interest to the public, cannot furnish a substitute for legal authority or jurisdiction of the Court over the proceeding.

Authority is cited in support of the claim that the petition presents an ideal case to invoke the Declaratory Judgment Act, but none is cited and we know of none which holds that the proceeding is one which this appellate court has the Constitutional or Statutory authority to entertain as an original action.

The following authorities would appear to foreclose the question of this Court's authority or jurisdiction to entertain the State's petition for a declaratory judgment. Art. V, § 5, Vernon's Ann.St. Constitution of Texas: "Jurisdiction of Court of Criminal Appeals * * *

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law.

"The Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs as may

be necessary to enforce its own jurisdiction. The Court of Criminal Appeals shall have power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction. * * *"

Ex parte Firmin, 60 Tex.Cr.R. 222, 131 S.W. 1116:

The Court of Criminal Appeals has only such powers as are conferred on it by the Constitution and statutes.

Art. 2524–1 Vernon's Ann.Civ.St. (Uniform Declaratory Judgments Act) Sec. 1:

"Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862, 864 (no writ history):

"The Act [Art. 2524–1 V.C.S.] is remedial in nature and procedural in character. It does not create jurisdiction in the courts over subjects in which they had no jurisdiction before the passage of the Act. It has only changed the method of exercising existing jurisdiction. Thus, a court cannot assume jurisdiction of any cause of action under the authority of the declaratory procedure where it could not have assumed jurisdiction before its enactment. Kaufman & Ruderman, Inc., v. Cohn & Rosenberg, Inc., D.C., 86 F.Supp. 867."

Ex parte Hammonds, 155 Tex.Cr.R. 82, 230 S.W.2d 820, 821:

" * * * it is represented that there is some question in the minds of the district judge and the district attorney's staff as to whether or not the agreed facts constitute the offense charged in the complaint. They therefore desire that this court decide such question in advance of indictment or conviction by declaring the law in accordance with Relator's contention and ordering his release, or by overruling Relator's contention and thereby giving the green light to the prosecution.

"In Texas, procedure such as demurrer to the evidence, declaratory judgment or pre-trial judgment, in criminal cases, is not recognized. * * *"

Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777, at page 778:

"This court is not authorized to render a declaratory judgment, the sole ground upon which we can entertain jurisdiction being to determine whether or not relator is entitled to release from confinement or discharge. See Ex parte Neisler, 126 Tex.Cr.R. 26, 69 S.W.2d 422; Ex parte Richardson, Tex.Cr. App., 230 S.W.2d 538; Ex parte Padgett, Tex.Cr.App., 230 S.W.2d 813; and Ex parte Jones, Tex.Cr.App., 240 S.W.2d 776."

Ex parte Herring, 160 Tex.Cr.R. 357, 271 S.W.2d 657:

"This court is not authorized to enter a declaratory judgment, but only to inquire into the legality of the confinement or restraint of the prisoner. Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777."

Ex parte Puckett, Tex.Cr.App., 274 S.W.2d 696, 697:

"This Court is not authorized to enter a declaratory judgment. In cases of this character our duty is confined to a determination of whether, the restraint and imprisonment is illegal."

Leave to file is refused.