ACCEPTED
12-14-00314-CR; 12-14-00315-CR; 12-14-316-CR; 12-14-00317-CR; 12-14-00318-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/8/2015 12:00:00 AM
CATHY LUSK
CLERK

**ORAL ARGUMENT NOT REQUESTED**

**NO. 12-14-00314-CR; 12-14-00315-CR; 12-14-00316-CR; 12-14-00317-CR; 12-14-00318-CR**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/7/2015 4:18:47 PM
CATHY S. LUSK
Clerk

IN THE

TWELFTH COURT OF APPEALS

AT TYLER, TEXAS

FILED

June 8, 2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

**DANIEL WAYNE MCLEMORE.**
**Appellant,**

**VS.**

**THE STATE OF TEXAS,**
**Appellee.**

APPEAL FROM THE

402ND DISTRICT COURT OF WOOD COUNTY, TEXAS

**APPELLANT'S BRIEF**

# IDENTITY OF THE PARTIES AND COUSEL

**Appellee**
**Attorney for State of Texas**
Thomas Burton
P. O. Box 689
Quitman, Texas 75783
903-763-4515

**Appellant**
Daniel Wayne McLemore
TDCJ #01965778
Dolph Briscoe Unit
1459 W. Hwy. 85
Dilley, Texas 78017

**Appellant's Attorney**
Wm. Brandon Baade
522 N. Broadway
Tyler, Texas 75702

**TABLE OF CONTENTS**

**Identity of Parties and Counsel**……………………………………………………..2

**Table of Contents**……………………………………………………………..3

**Index of Authorities**…………………………………………………………..4

**Statement of the Case**…………………………………………………………4

**Issues Presented**………………………………………………………………4

**Statement of Facts**……………………………………………………………4

**Summary of the Argument**……………………………………………………..6

**Argument**……………………………………………………………………..6

**Prayer**…………………………………………………………………………8

# INDEX OF AUTHORITIES

*Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Cr.App.1980)………………………………..7

*Beebe v. State,* 99 Tex.Cr.R. 637, 271 S.W. 97 (Tex.Cr.App. 1925)……………………...6

*Ex parte King*, 156 Tex.Cr.R. 231, 240 S.W.2d 777 (Tex.Cr.App. 1951)…………….…...6

*Wilson v. State,* 677 S.W.2d 518, 521 (Tex.Cr.App.1984)……………………………...7

# STATEMENT OF THE CASE

*Nature of case:*  This is an appeal from a conviction and punishment in five different cases. Trial Court Cause Nos. 22,001-2013, and 22,002-2013 being Attempted Capital Murder of a Peace Officer; Cause No. 22,003-2013 being a plea to Deadly Conduct and a Jury Sentencing Form to Deadly Conduct, but a Judgment of Conviction for Aggravated Assault with a Deadly Weapon; Cause No.22,004-2013 being Aggravated Assault with a Deadly Weapon; and Cause No. 22,005-2013 being a plea to Deadly Conduct and a Jury Sentencing Form to Deadly Conduct, but a Judgment of Conviction for Aggravated Assault with a Deadly Weapon.

*Judge/Court:*  Judge G. Timothy Boswell, 402nd District Court of Wood County.

*Trial disposition:*  The Defendant plead guilty to the charges as set forth above and was sentenced by the jury within the range of punishment in each cause number.

# STATEMENT ON ORAL ARGUMENT

   Appellant is not requesting oral argument.

# ISSUES PRESENTED

1. Whether the Judgment of Conviction is correct as to the offense for which the Defendant was convicted and as to a Deadly Weapon finding in Cause Nos. 22,003-2013 and 22,005-2013.

# STATEMENT OF FACTS

   It is undisputed that Daniel Wayne McLemore pled guilty to five separate charges.  In Cause No. 22, 001-2013 Daniel Wayne McLemore plead guilty to Attempted Capital Murder of a Peace Officer or Fireman. (CR., p. 121).  In Cause No. 22,002-2013  Daniel Wayne McLemore

plead guilty to Attempted Capital Murder of a Peace Officer or Fireman. (CR. p.58). In Cause No. 22,003-2013 Daniel Wayne McLemore plead guilty to Deadly Conduct. (CR. p.56). In Cause No. 22,004-2013 Daniel Wayne McLemore plead guilty to Aggravated Assault with a Deadly Weapon. (CR. p.55). Cause No. 22,0025-2013 Daniel Wayne McLemore plead guilty to Deadly Conduct. (CR. p.54). Daniel Wayne McLemore was admonished by the Court prior to the Court accepting his plea of guilty in each case, and Daniel Wayne McLemore swore that he understood those admonishments. (CR. Cause No. 22,001-2013; p. 115-120). Daniel Wayne McLemore was advised in each case of the range of punishment.

A consolidated jury trial, without objection, was conducted for punishment. The jury assessed punishment in Cause No. 22,001-2013 at nineteen years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 112). The jury assessed punishment in Cause No. 22,002-2013 at nineteen years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 57). The jury assessed punishment in Cause No. 22,003-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 50). The jury assessed punishment in Cause No. 22,004-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 49). The jury assessed punishment in Cause No. 22,005-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 48). A judgment in Cause Nos. 22,001-2013; 22,002-2013; and 22,004-2013 consistent with the sentenced assessed by the jury was entered. However, in Cause No. 22,003-2013 the judgment reflects that Daniel Wayne McLemore was convicted of Aggravated Assault Against a Public

5

Servant. (CR., p.51). Likewise, in Cause No. 22,005-2013 the judgment reflects that Daniel Wayne McLemore was convicted of Aggravated Assault Against a Public Servant. (CR., p.49).

## SUMMARY OF THE ARGUMENT

The Judgment of Conviction in Cause No. 22,003-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant and the deadly weapon finding removed.

The Judgment of Conviction in Cause No. 22,005-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant and the deadly weapon finding removed.

## ARGUMENT

The Judgment of Conviction in two of the cases does not accurately reflect the offenses for which Daniel Wayne McLemore pled guilty. In Cause No. 22,003-2013, Mr. McLemore pled guilty to the offense of Deadly Conduct. (CR. p.56). Indeed, the charge to the jury was consistent with his plea of guilty to Deadly Conduct. (RR. Vol 4, pp. 17-18 and CR. p. 44-49). However, the Judgment of Conviction in Cause No. 22,003-2013 states that "the offense for which the defendant is convicted" is "Aggravated Assault Against a Public Servant." This is clearly inconsistent with the plea in this case. (CR. p. 51). Additionally, although there is a specific deadly weapon finding in the Judgment of Conviction (CR., p. 51) there is not a deadly weapon finding in the record in regard to Daniel Wayne McLemore's plea to deadly conduct.

Although the "the judgment may be reformed so as to show the offense of which the accused was found guilty by the court and jury. Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777; *Beebe v. State,* 99 Tex.Cr.R. 637, 271 S.W. 97, there must be specific finding of the use of a

deadly weapon in the case pled to by the defendant. "The judgment may be reformed so as to show the offense of which the accused was found guilty by the court and jury," however in this case a deadly weapon finding to the corrected judgment is more than a clerical error. Daniel Wayne McLemore pled to Deadly Conduct and there is no evidence or finding in the Clerk's Record, the reporter's record, or any of the admonishments to Mr. McLemore that the Deadly Conduct pleas included an affirmative finding of a deadly weapon. The only reference to the deadly weapon finding is in the incorrect order. "The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Cr.App.1980) A nunc pro tunc order may be used to correct clerical errors in a judgment, but not judicial omissions. Alvarez, supra; *Wilson v. State,* 677 S.W.2d 518, 521 (Tex.Cr.App.1984). " Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." Wilson, supra." In this case of Deadly Conduct deadly weapon finding there was no such judgment "rendered or pronounced at an earlier time" regarding the issue of use of a deadly weapon. (RR. Vol. 4, pp. 17-18)

Also, in Cause No. 22,005-2013 the same issues and argument applies as set forth above in Cause No. 22,003-2013. The plea documents set forth a plea to Deadly Conduct. (CR. p. 54-57). The instructions to the jury set forth an appropriate charge for Deadly Conduct. (CR. p. 42-47 and RR. Vol. 4, p. 21). Again the Judgment of Conviction in this case indicates the "offense for which the defendant was convicted" is "Aggravated Assault Against a Public Servant." (CR., p. 49). All of the arguments in Cause No. 22,003-2013 are applicable in Cause No. 22,005-2013, for the same reasons urged above.

## CONCLUSIION

There has been no finding of a deadly weapon in either of these cases and the judgment of conviction is inconsistent with the plea.

## PRAYER

WHEREFORE, premises considered, Counsel respectfully prays that this Court remand this case for a new sentencing hearing on all cases, or alternatively reform the judgment to reflect the conviction of deadly conduct and omit the finding of a deadly weapon since such finding was not made in the record of this case.

Respectfully submitted,

By:_____

Wm. Brandon Baade
Texas Bar Number 00793189
522 N. Broadway
Tyler, Texas 75702
brandonbaadelaw@gmail.com
903-526-5867

Attorney for Appellant
Daniel Wayne McLemore

**CERTIFICATE OF SERVICE**

This is to certify that on June 8, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail to all counsel of record and interested party listed below:

**Attorney for State of Texas**
Thomas Burton
P. O. Box 689
Quitman, Texas 75783

**Appellant**
Daniel Wayne McLemore
TDCJ #01965778
Dolph Briscoe Unit
1459 W. Hwy. 85
Dilley, Texas 78017

By:_____

Wm. Brandon Baade

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 1,616 words (less than 15,000), based upon the word count of the Word program used to prepare the document.

By:_____
Wm. Brandon Baade