Henry McCULLOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 41074.

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Rehearing Denied April 3, 1968.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with one prior conviction alleged for enhancement; the punishment, nine years.

■ Appellant's first ground of error is that the "trial court erred in refusing to quash the indictment (because) it was not signed by the foreman (of the grand jury) as required by Article 21.02, Section 9, V.A.C.C.P." No motion to quash was presented to the trial court as required by Article 27.10, Vernon's Ann. C.C.P. We further observe that such sig-nature is not essential to the validity of the indictment. Ex parte Landers, Tex.Cr. App., 366 S.W.2d 567. We find no merit in this contention.

■ Appellant's second ground of error is that the "court erred in limiting the appellant (and the State) to 30 minutes of voir dire examination". In support of his proposition appellant cites De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668. In De La Rosa objections were made during the course of the trial and the voir dire examination of the prospective jurors was brought forward to this Court. In the case at bar the voir dire examination is not before this court, nor does the record reflect that appellant objected to the time allotted by the court for examination. No error is shown. Campbell v. State, 122 Tex.Cr.R. 494, 56 S.W.2d 460. See also Singleton v. State, 171 Tex.Cr.R. 196, 346 S.W.2d 328, and Root v. State, 169 Tex. Cr.R. 382, 334 S.W.2d 154.

■ As his third ground of error appellant contends that the court erred in allowing the State to re-open the case after it rested. We find no error in such action. Mims v. State, Tex.Cr.App., 378 S.W.2d 318; Texas Digest, Criminal Law ⊚686.

■ Appellant's fourth ground of error is that the court erred in allowing the State to read the second offender count of the indictment to the jury prior to the determination of guilt or innocence. The only proof tendered to show that this occurred is the recitation that appellant was arraigned. If such count was read to the jury at that time, we fail to find that any objection was lodged to the same, and therefore, nothing is presented for review. Cox v. State, Tex.Cr.App., 422 S.W.2d 929, delivered Janary 17, 1968.

In his fifth ground of error, appellant contends that the court erred when the State was allowed to read the indictment that stated in the second offender count that appellant had previously been convicted of the offense of simple burglary in the

State of Louisiana. As heretofore stated, no proof appears in this record that such count was ever read to the jury or utilized by the jury in assessing appellant's punishment, and therefore, nothing is presented for review.

Finding no reversible error, the judgment is affirmed.