Alexander v. State 






NO. 10-90-120-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DWIGHT ALEXANDER,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 90-195-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted by a jury of attempted capital murder, sentenced to seventy-five
years in prison, and assessed a $10,000 fine. We must decide (1) if the indictment was defective,
(2) whether hearsay was improperly admitted into evidence, (3) whether one of the State's
principal witnesses was an accomplice, requiring a jury instruction and corroborating evidence,
and (4) whether there was sufficient evidence to support his conviction.
          Johnny Taylor was delivering pizzas to an apartment complex. After walking past a group
of six or seven young men, Taylor was shot three times from the rear. The pizzas, the company's
money bag and the money inside, and Taylor's personal money were stolen. Taylor did not know
who shot him or took the property.
          Two eye-witnesses testified for the State. Hugh Davis, one of the group members who had
heard the group discussing robbing Taylor, saw Appellant with a gun, heard shots, then ran. He
came back two to three minutes later, took the pizzas, and sold them. Wendy Benson, about to
visit a friend in the apartments, was sitting in a car with a view of the action. She saw Antoine
Chappell, another member of the group, point the gun at Taylor but not fire. Chappell then
handed the gun to Appellant who said, "What's wrong, are you scared?" Appellant fired the gun
at Taylor. She saw Anthony Moore take Taylor's wallet but did not see who took the pizzas or
the company's money bag. She said the group did not discuss robbing Taylor before the shots
were fired.
          Appellant alleges that the indictment is fatally defective because it fails to allege the name
of the victim of the robbery. The indictment reads in part:
Dwight Alexander . . . did then and there with the specific intent to commit the offense of
Captial Murder of Johnny Edward Taylor, intentionally shoot the said Johnny Edward
Taylor with a deadly weapon, to wit: a firearm, during the course of commiting and
attempting to commit robbery, . . . .
          Jurisdiction is conferred on the trial court by the presentment of an indictment. See Studer
v. State, 799 S.W.2d 263, 271 n.11 (Tex. Crim. App. 1990); Tex. Const. art. V, § 12 (1891,
amended 1985). The requisites of an indictment stem from statutory law alone. Studer, 799
S.W.2d at 272. "Substance defect," "fundamental error," and "fatally defective" have no further
meaning in the context of charging instruments. Id. at 267. If the defendant does not object to
a defect, error, or irregularity of form or substance in an indictment or information before the date
on which the trial on the merits commences, he waives the right to raise the objection at a later
time, on appeal, or in any other postconviction proceeding. See Rodriguez v. State, 799 S.W.2d
301, 302-03 (Tex. Crim. App. 1990); Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.
1991).
          Article 27.08 of the Code of Criminal Procedure specifies four possible defects of
"substance" that may be alleged against an indictment. Tex. Code Crim. Proc. Ann. art. 27.08
(Vernon 1989). Article 27.09 lists three defects of "form" that may be alleged against an
indictment and incorporates the nine "requisites" from Article 21.02. Id. at 27.09, 21.02 (Vernon
1989).
          Appellant's motion to quash the indictment alleged:
The indictment does not inform the Defendant of the identity of the person from
which property was supposed to have been taken. Without knowing from whom the
property was supposed to have been appropriated or attempted to be appropriated, the
Defendant does not have notice of the particular offense with which he is charged, and is
therefore unable to prepare his defense.
Prior to Studer, although allegations of the constituent elements of the offense constituting the
aggravating feature of a captial murder charge were unnecessary, the name of the person at whom
the aggravating conduct was directed was a fact that was considered crucial to the accused's
preparation of his defense to the main charge of capital murder. See King v. State, 594 S.W.2d
425, 427 (Tex. Crim. App. 1980), cert. denied, ___ U.S. ___, 109 S.Ct. 1563 (1989). In King,
the state's assertion that the indictment could be understood to read that the deceased was also the
victim of the kidnapping and robbery found support in the evidence. Id. The court, holding that
King's motion to quash entitled him to allegations of fact sufficient to bar a subsequent prosecution
for the same offense and give him precise notice of the offense with which he was charged,
reversed the conviction. Id. An indictment cannot be supported nor defeated as such by the
evidence adduced at trial. See also Brasfield v. State, 600 S.W.2d 288, 294 (Tex. Crim. App.
1980). Studer recognizes that the absence of an essential element of the offense is a defect of
substance but does not discuss a failure to allege a fact of the type described in King and Brasfield. 
See Studer, 799 S.W.2d at 268-71; Brasfield, 600 S.W.2d at 294; King, 594 S.W.2d at 427.
          Because Appellant's motion to quash alleged neither a defect of "substance" within the
enumeration of Article 27.08, nor a defect of "form" within the meaning of Article 27.09, we
conclude that the motion to quash alleging that he was entitled to have the indictment name the
victim of the alleged robbery was properly denied. See Studer, 799 S.W.2d at 268-71; Tex. Code
Crim. Proc. Ann. arts. 27.08, 27.09 (Vernon 1989). We overrule point one. 
          Appellant further complains that the indictment is fatally defective because it contains the
phrase "during the course of" instead of "in the course of." As we have stated, exceptions to an
indictment must be raised prior to the day the trial on the merits begins. See Studer, 799 S.W.2d
at 271; Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 1991). Because Appellant did
not bring the alleged defect to the attention of the trial judge before the day on which the trial
began, he preserved nothing for review. See id. We overrule point three.
          Appellant asserts that the court erred in admitting hearsay testimony concerning the
robbery of Taylor. Hugh Davis testified:
          Q.  Now, Hugh, when the Pizza Man walked up toward the apartment there, was there
any discussion in the group from anyone about robbing him?
[Appellant's Counsel]: Your Honor, we are going to object based on hearsay. We
object to what anyone else said based on hearsay.
Court: Overruled.
          Q.  Was there any discussions from people in the group about robbing him?
          A.  Yes
Hearsay is a statement, other than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Crim. Evid.
801(d). Davis did not relate any "statement" by a third-party declarant that was offered for the
truth of the matter asserted, but testified only that "discussions . . . about robbing [Taylor]" took
place. Because the objected-to testimony was not hearsay, we overrule point four.
          Appellant points out that, because Davis admitted taking the pizzas and selling them after
Taylor was shot, the court failed to instruct the jury that Hugh Davis was an accomplice witness
and that the evidence corroborating Davis's testimony is insufficient to connect Appellant with the
crime. One is not an accomplice witness who cannot be prosecuted for the offense with which the
accused is charged. See Figueroa v. State, 740 S.W.2d 537, 540 (Tex. App.--Houston [1st Dist.]
1987, pet. ref'd). Davis, who at most would be an accomplice to the underlying offense of
robbery, would not be an accomplice witness in Appellant's trial for capital murder. See id. We
overrule points five and six.
          Pointing out that the court did not charge the jury on the law of parties, Appellant's final
point urges that there is insufficient evidence to show that the attempt to murder Taylor occured
while he committed or attempted to commit robbery. Evidence will sustain a conviction if,
viewing it in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Butler v. State, 769 S.W.2d 234, 239
(Tex. Crim. App. 1989).
          The court charged the jury on the requisite elements of murder and capital murder. The
jury was instructed that robbery is committed "in the course of commiting theft . . . ." The court
defined theft as "the unlawful appropriation of the corporeal personal property of another, with
the intent to deprive such other person of said property," and appropriation as "to acquire or
otherwise exercise control over property . . . ." No charge on parties was given, and the jury
was, therefore, authorized to convict if it found that Appellant intentionally shot Taylor with a
deadly weapon "during the course of committing or attempting to commit Robbery."
          Sufficiency of the evidence must be considered from the charge given. See Nickerson v.
State, 782 S.W.2d 887, 891 (Tex. Crim. App. 1990). The evidence most favorable to the jury's
verdict of guilt is: Appellant intentionally shot Taylor three times from the rear; the group, of
which Appellant was a member, had discussed robbing Taylor; and after Appellant shot Taylor,
property was stolen from Taylor by members of that same group. Based on this evidence, any
rational trier of fact could have found beyond a reasonable doubt that Appellant shot Taylor while
attempting to rob him. See Butler, 769 S.W.2d at 239. We overrule point two. 
          We affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Thomas
          Justice Cummings,
          and Justice Vance
Affirmed
Opinion delivered and filed May 30, 1991
Publish