**Johnny TATMON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 464–90.**

Court of Criminal Appeals of Texas,
En Banc.

June 12, 1991.

Rehearing Denied Sept. 18, 1991.

Michael E. Etchison, Austin, for appellant.

Ronald Earle, Dist. Atty., and Carl Bryan Case, Jr., Asst. Dist. Atty., Austin, Robert

Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of burglary of a vehicle. V.T.C.A., Penal Code § 30.04. At the penalty phase, the trial court found it to be true that appellant had previously been finally convicted of three felony offenses, and assessed appellant's punishment at thirty-five years confinement in the Texas Department of Corrections.[1] V.T.C.A., Penal Code § 12.42(d). Appellant appealed his conviction.

The Court of Appeals found that the trial court did not err in overruling appellant's motion to quash his indictment. Appellant had argued that because his indictment lacked the signature of the foreman of the grand jury, he could not be sure if his indictment was the same indictment which the grand jury had seen, and was therefore invalid. The Court of Appeals held that "the signature of the foreman of the grand jury is not essential to the validity of the indictment." *Tatmon v. State*, 786 S.W.2d 523 (Tex.App.—Austin, 1990). This Court granted appellant's petition for discretionary review to examine his contention that the Court of Appeals' holding was in error. We will affirm the decision of the Court of Appeals.

The precursor to our current Code of Criminal Procedure discussed the absence of a signature on an indictment. Article 512, V.A.C.C.P. (repealed 1966)[2], set out:

"Exceptions to the form of an indictment or information may be taken for the following causes only:

. . . . .

(2) The want of any other requisite or form prescribed by articles 396 and 414, except the want of the signature of the foreman of the grand jury, or in the case of an information,

of the signature of the State's attorney."

In contrast, Art. 27.09, V.A.C.C.P. (Eff. Jan. 1, 1966) states:

"Exceptions to the form of an indictment or information may be taken for the following causes only:

(1) That it does not appear to have been presented in the proper court as required by law;

(2) The want of any requisite prescribed by Articles 21.02 and 21.21.

(3) That it was not returned by a lawfully chosen or empaneled grand jury."

In deciding that the trial court properly overruled appellant's motion to quash, the Court of Appeals did not ignore the distinction between Art. 27.09 and its precursor, Art. 512. Instead, the Court of Appeals relied upon cases which were governed by both statutes:

"The signature of the foreman of the grand jury is not essential to the validity of the indictment. *McCullough v. State*, 425 S.W.2d 359, 360 (Tex.Cr.App.1968); *Ex Parte Landers*, 366 S.W.2d 567 (Tex. Cr.App.1963); *Ex Parte King*, 156 Tex. Crim. 231, 240 S.W.2d 777 (1951); *Marks v. State*, 721 S.W.2d 401, 404 (Tex.App.— Beaumont, 1986); *Hamilton v. McCotter*, 772 F.2d 171, 183 (5th Cir.1985)."

*Tatmon v. State*, 786 S.W.2d, at 524.

All of these cases held that the foreman's signature was not essential to the validity of an indictment. In *McCullough*, the defendant argued to this Court that the absence of the foreman's signature from his indictment did not comply with the requirements of Art. 21.02, subd. 9, V.A.C.C.P. This Court carried forward the holding in *Ex Parte Landers* to overrule the defendant's claim. *McCullough*, at 360. This Court made the same ruling ten years later in the case of *Owens v. State*, 540 S.W.2d 324, at 325 (Tex.Cr.App.1976), wherein the defendant claimed his indictment did not comply with Art. 21.02, subd. 9, V.A.C.C.P., because it was not signed personally by the foreman of the grand

---

1. Now, the Texas Department of Criminal Justice, Institutional Division.

2. The precursor to Art. 512 was Art. 565, C.C.P. (1895).

jury. Other courts of appeals of this State have also made similar rulings. See *Lujan v. State*, 626 S.W.2d 854, at 862 (Tex. App.—San Antonio, 1982, pet.ref'd); *Straps v. State*, 632 S.W.2d 781 (Tex. App.—Houston [14 Dist.], 1982); and *Marks v. State*, 721 S.W.2d 401 (Tex. App.—Beaumont, 1986).

In *Hamilton v. McCotter*, 772 F.2d 171 (5th Cir.1985) (reh. and reh. en banc denied), the defendant did not argue that his indictment lacked the signature of the foreman of the grand jury. Instead, the defendant claimed that the foreman's signature on the indictment had been forged. The State relied upon *McCullough*, 425 S.W.2d, at 360; *Landers*, 366 S.W.2d 567; and *King*, 240 S.W.2d 777, to counter the defendant's argument. Judge Garwood, writing for the 5th Circuit, distinguished those cases in ruling on the defendant's claim of a forged signature:

> "However, neither that case nor *Ex Parte Landers*, …, which *McCullough* cites as authority for the proposition, not the case cited in turn in *Landers*, *Ex Parte King*, …, involved indictments that were alleged to have been other than properly returned by a duly constituted grand jury. As we read them, *McCullough* and its predecessors properly stand only for the proposition that the mere **absence** of the grand jury foreman's signature on an indictment **otherwise actually properly returned by the grand jury** is not fatal to the indictment's validity." (emphasis supplied on original)

*Hamilton, supra,* at 183.

In the instant case, appellant did not contend that his indictment was not properly returned by the grand jury to the district court where he was tried. Instead, he argued to the trial court in his motion that the indictment did not contain the signature of the foreman and was, therefore, not shown to have been "prepared and presented by members of a duly sworn and selected grand jury." This allegation is disproven by the record in the instant case. The

recorded presentment of the grand jury reflects that on August 10, 1988, the grand jury of the present term of the 331st District Court, "through their foreman, Dorothy M. Orton, present to the Court the following indictments, to wit:

NO. *93, 010*—THE STATE OF TEXAS VS. *JOHN TATMON*

An indictment for—*BURGLARY OF A VEHICLE AND HABITUAL* "

The instant case presents a situation where an indictment which had been properly returned by a grand jury was missing the signature of its foreman. Therefore, Justice Smith of the Court of Appeals was correct in concluding that the absence of that signature did not adversely affect the validity of the indictment.

Appellant's ground for review is overruled. The judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents because the majority does not take into account that the legislature revised former Article 512 by deleting the "except" clause, thereby removing the statutory basis for pre–1966 decisions of the Court.

OVERSTREET, J., dissents.

BAIRD, Judge, concurring.

I am constrained to concur in the result reached by a majority of this Court because of the doctrine of stare decisis. Otherwise, I would dissent. The majority bases its decision on *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976), and *McCullough v. State*, 425 S.W.2d 359 (Tex.Cr.App.1968). *Tatmon v. State*, 815 S.W.2d 588, 589–590, (Tex.Cr.App. delivered this day). I believe those cases were wrongly decided because they relied on cases prior to the passage of Tex.Code Crim.Proc.Ann. art. 27.09 without analyzing the obvious distinctions between that article and its predecessor, Tex.Code Crim.Proc.Ann. art. 512 (repealed 1966).

Tex.Code Crim.Proc.Ann. art. 21.02, entitled *"Requisites* [1] of an Indictment," provides: "An indictment shall be deemed sufficient if it has the following requisites:

---

**1.** All emphasis herein supplied by author unless otherwise indicated.

... 9. It [an indictment] *shall* be signed by the foreman of the grand jury." Article 27.09, entitled *"Exceptions* to Form of Indictment," provides: "Exceptions to the form of an indictment or information may be taken for ... 2. The want of any requisite prescribed by Articles *21.02* and 21.-21."

In this cause, the indictment violated art. 21.02, subd. 9 because it was not signed by the foreman of the grand jury. Appellant excepted to the lack of the requisite signature pursuant to art. 27.09 subd. 2. Today, the majority affirms appellant's conviction while recognizing the indictment does not meet the requisites specifically established by the legislature and acknowledging that appellant did everything necessary to bring the omitted "requisite" to the attention of the trial court and preserve the error for appellate review.

In my opinion this exemplifies the disturbing trend of minimizing that which is necessary to constitute a proper charging instrument. See *Studer v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990) and *Ex parte Gibson,* 800 S.W.2d 548 (Tex.Cr.App.1990). Today, the majority continues that trend by essentially repealing art. 21.02, subd. 9. Because the decision reached by the majority is based upon prior precedent, which the majority does not choose to revisit, I am bound by the doctrine of stare decisis; therefore, I concur only in the result.