# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00410-CR

**Gary Messig, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 2020061, HONORABLE JON N. WISSER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Gary Messig was convicted of burglary of a building, enhanced by two prior convictions, and was sentenced to two years in state jail. *See* Tex. Pen. Code Ann. ' 30.02 (West 2003). On appeal he raises a single issue: whether the trial court erred in overruling his objection to the indictment, which was unsigned. Because appellant failed to timely object to the indictment, we affirm the conviction.

The grand jury indicted appellant for burglary, and the indictment was filed with the trial court on March 28, 2002. The indictment is not signed by the grand jury foreperson or any other member of the grand jury. Appellant was served with a certified copy of the indictment on April 13. On May 9, appellant, represented by counsel, was arraigned, pleaded not guilty, waived the reading of the indictment, and waived his right to a jury trial. On June 5, appellant appeared before the trial court for a bench trial. At

the beginning of the trial, he objected to the indictment because it Adoes not contain the signature of the foreperson of the grand jury.@ The State responded that appellant had waived his right to object to the indictment by not raising his objection before the day of trial. The trial court stated,

> I think the Court is going to take judicial notice of it=s [sic] own file. And the records in the file includes [sic] a notice of indictment listing and also an additional order signed by the judge of the 147th showing receipt of the indictment from the grand jury. I think that was Judge Flowers received that indictment.

> So, I think with those documents, which sort of attest to the fact that the grand jury did in fact indict this case, it does appear that there is no signature however under Article 1.14(b) the Court is going to overrule the objection.

Article 21.02 of the code of criminal procedure sets out requirements for an indictment to be deemed sufficient including, among other requirements, that A[i]t shall be signed officially by the foreman of the grand jury.@ Tex. Code Crim. Proc. Ann. art. 21.02(9) (West 1989). Article 27.09 allows a defendant to make an exception to the form of an indictment if it does not appear to have been presented in the proper court, lacks a requirement set out in article 21.02, or was not returned by a lawfully chosen or empaneled grand jury. *Id.* art. 27.09 (West 1989). An objection to a defect of form or substance in a charging instrument must be raised before the day of trial or it is waived. *Id.* art. 1.14(b) (West Supp. 2003); *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990); *Anderson v. State*, 905 S.W.2d 367, 369 (Tex. App.CFort Worth 1995, pet. ref=d); *Alexander v. State*, 820 S.W.2d 821, 822 (Tex. App.CWaco 1991, pet. ref=d).

The indictment clearly accuses appellant of committing burglary of a building, and the lack of a signature is not a defect that renders the indictment Afundamentally defective.@ Thus, the trial court had

2

jurisdiction of the cause. *See Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997) (written document amounts to charging instrument Aif it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective@); *Rodriguez*, 799 S.W.2d at 303 (if charging instrument is not fundamentally defective, trial court has jurisdiction). Appellant did not object to the indictment=s defect until the day of trial, and therefore he has waived his complaint. Tex. Code Crim. Proc. Ann. art. 1.14(b); *Rodriguez*, 799 S.W.2d at 303; *Alexander*, 820 S.W.2d at 822.

Furthermore, although article 21.02 uses mandatory language when it states that an indictment Ashall@ be signed by the grand jury foreperson, Texas courts have held that Athe absence of [the foreperson=s] signature did not adversely affect the validity of the indictment.@ *Tatmon v. State*, 815 S.W.2d 588, 590 (Tex. Crim. App. 1991);[1] *see Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App.

---

[1] Appellant urges that *Tatmon* Arests on two false premises@ and contends that this Court should at a minimum distinguish this cause from *Tatmon*. Appellant admitted committing trespass but denied having an intent to commit theft, and he argues that the grand jury might therefore have intended to indict him not for burglary but for the lesser included offense. The indicted offense in *Tatmon* was burglary of a vehicle, and *Tatmon* does not discuss the defenses raised. *See* 815 S.W.2d 588, 589-90 (Tex. Crim. App. 1991); *see also Tatmon v. State*, 786 S.W.2d 523, 524 (Tex. App.CAustin 1990), *aff=d*, 815 S.W.2d at 590. Appellant argues that because *Tatmon* and other such cases Acontained no indication that the grand jury intended any result other than indicated by the indictment,@ and the grand jury in this case Acould reasonably reject the felony charge,@ the lack of a signature implicates his substantial rights and amounts to a substantive defect.

We are bound to follow the law as it is pronounced by the Texas Court of Criminal Appeals, and decline to ignore *Tatmon*. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) (once Aproposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank@). Further, appellant did not argue before the trial court that the grand jury did not intend to indict him for the felony offense. On appeal he contends that it could have indicted him for the lesser

3

2000) (signed page of original indictment omitted when indictment amended; held, AThe lack of a signature is of no consequence in this matter, and is, in fact, not essential to the validity of an indictment.@) (citing *Tatmon*, 815 S.W.2d at 589); *Peck v. State*, 923 S.W.2d 839, 841 (Tex. App.CTyler 1996, no pet.) (indictment was signed by assistant foreman; held, Athe absence of the foreman=s signature does not invalidate an indictment that otherwise fulfills legal requirements@) (citing *Tatmon*, 815 S.W.2d at 590).

Appellant has waived his complaint by not making a timely objection and, even if it had been timely, the lack of a signature does not invalidate the indictment. *See* Tex. Code Crim. P. Ann. art. 1.14(b); *Tatmon*, 815 S.W.2d at 590. The trial court, in taking judicial notice that its file contained documents indicating that the trial court received the indictment from the grand jury, did not err in refusing to dismiss the indictment. We overrule appellant=s issue on appeal and affirm the conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 24, 2003

Do Not Publish

_____

misdemeanor offense, but presents nothing more than the mere possibility as support.