TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00410-CR






Gary Messig, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 2020061, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Gary Messig was convicted of burglary of a building, enhanced by two
prior convictions, and was sentenced to two years in state jail. See Tex. Pen. Code Ann. § 30.02
(West 2003). On appeal he raises a single issue: whether the trial court erred in overruling his
objection to the indictment, which was unsigned. Because appellant failed to timely object to the
indictment, we affirm the conviction.

 The grand jury indicted appellant for burglary, and the indictment was filed with the
trial court on March 28, 2002. The indictment is not signed by the grand jury foreperson or any other
member of the grand jury. Appellant was served with a certified copy of the indictment on April 13. 
On May 9, appellant, represented by counsel, was arraigned, pleaded not guilty, waived the reading
of the indictment, and waived his right to a jury trial. On June 5, appellant appeared before the trial
court for a bench trial. At the beginning of the trial, he objected to the indictment because it "does
not contain the signature of the foreperson of the grand jury." The State responded that appellant
had waived his right to object to the indictment by not raising his objection before the day of trial. 
The trial court stated,


I think the Court is going to take judicial notice of it's [sic] own file. And the records
in the file includes [sic] a notice of indictment listing and also an additional order
signed by the judge of the 147th showing receipt of the indictment from the grand
jury. I think that was Judge Flowers received that indictment.


So, I think with those documents, which sort of attest to the fact that the grand jury
did in fact indict this case, it does appear that there is no signature however under
Article 1.14(b) the Court is going to overrule the objection.



 Article 21.02 of the code of criminal procedure sets out requirements for an
indictment to be deemed sufficient including, among other requirements, that "[i]t shall be signed
officially by the foreman of the grand jury." Tex. Code Crim. Proc. Ann. art. 21.02(9) (West 1989). 
Article 27.09 allows a defendant to make an exception to the form of an indictment if it does not
appear to have been presented in the proper court, lacks a requirement set out in article 21.02, or was
not returned by a lawfully chosen or empaneled grand jury. Id. art. 27.09 (West 1989). An objection
to a defect of form or substance in a charging instrument must be raised before the day of trial or it
is waived. Id. art. 1.14(b) (West Supp. 2003); Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim.
App. 1990); Anderson v. State, 905 S.W.2d 367, 369 (Tex. App.--Fort Worth 1995, pet. ref'd);
Alexander v. State, 820 S.W.2d 821, 822 (Tex. App.--Waco 1991, pet. ref'd).

 The indictment clearly accuses appellant of committing burglary of a building, and
the lack of a signature is not a defect that renders the indictment "fundamentally defective." Thus,
the trial court had jurisdiction of the cause. See Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim.
App. 1997) (written document amounts to charging instrument "if it accuses someone of a crime
with enough clarity and specificity to identify the penal statute under which the State intends to
prosecute, even if the instrument is otherwise defective"); Rodriguez, 799 S.W.2d at 303 (if charging
instrument is not fundamentally defective, trial court has jurisdiction). Appellant did not object to
the indictment's defect until the day of trial, and therefore he has waived his complaint. Tex. Code
Crim. Proc. Ann. art. 1.14(b); Rodriguez, 799 S.W.2d at 303; Alexander, 820 S.W.2d at 822.

 Furthermore, although article 21.02 uses mandatory language when it states that an
indictment "shall" be signed by the grand jury foreperson, Texas courts have held that "the absence
of [the foreperson's] signature did not adversely affect the validity of the indictment." Tatmon v.
State, 815 S.W.2d 588, 590 (Tex. Crim. App. 1991); (1) see Riney v. State, 28 S.W.3d 561, 566 (Tex.
Crim. App. 2000) (signed page of original indictment omitted when indictment amended; held, "The
lack of a signature is of no consequence in this matter, and is, in fact, not essential to the validity of
an indictment.") (citing Tatmon, 815 S.W.2d at 589); Peck v. State, 923 S.W.2d 839, 841 (Tex.
App.--Tyler 1996, no pet.) (indictment was signed by assistant foreman; held, "the absence of the
foreman's signature does not invalidate an indictment that otherwise fulfills legal requirements")
(citing Tatmon, 815 S.W.2d at 590).

 Appellant has waived his complaint by not making a timely objection and, even if it
had been timely, the lack of a signature does not invalidate the indictment. See Tex. Code Crim. P.
Ann. art. 1.14(b); Tatmon, 815 S.W.2d at 590. The trial court, in taking judicial notice that its file
contained documents indicating that the trial court received the indictment from the grand jury, did
not err in refusing to dismiss the indictment. We overrule appellant's issue on appeal and affirm the
conviction.



 ___________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: April 24, 2003

Do Not Publish
1. Appellant urges that Tatmon "rests on two false premises" and contends that this Court
should at a minimum distinguish this cause from Tatmon. Appellant admitted committing trespass
but denied having an intent to commit theft, and he argues that the grand jury might therefore have
intended to indict him not for burglary but for the lesser included offense. The indicted offense in
Tatmon was burglary of a vehicle, and Tatmon does not discuss the defenses raised. See 815 S.W.2d
588, 589-90 (Tex. Crim. App. 1991); see also Tatmon v. State, 786 S.W.2d 523, 524 (Tex.
App.--Austin 1990), aff'd, 815 S.W.2d at 590. Appellant argues that because Tatmon and other
such cases "contained no indication that the grand jury intended any result other than indicated by
the indictment," and the grand jury in this case "could reasonably reject the felony charge," the lack
of a signature implicates his substantial rights and amounts to a substantive defect.


 We are bound to follow the law as it is pronounced by the Texas Court of Criminal
Appeals, and decline to ignore Tatmon. See Swilley v. McCain, 374 S.W.2d 871, 875 (Tex. 1964)
(once "proposition of law has been squarely decided by the Supreme Court, or the highest court of
the State having jurisdiction of the particular case, the decision is accepted as a binding precedent
by the same court or other courts of lower rank"). Further, appellant did not argue before the trial
court that the grand jury did not intend to indict him for the felony offense. On appeal he contends
that it could have indicted him for the lesser misdemeanor offense, but presents nothing more than
the mere possibility as support.