COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-065-CR

 

 

AUGUSTINE KOLA FALANA                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Augustine Kola
Falana appeals his fifteen-year sentence for aggravated assault with a deadly
weapon.  In three issues, appellant
contends that the State=s third
petition to adjudicate is void because an attorney for the State had not signed
it, that the State should have been quasi-estopped from proceeding with the
third petitionCwhich
included an allegation that the State had previously waived under the second
petitionCbecause proceedings under the second petition had not yet concluded,
and that trial counsel rendered ineffective assistance by failing to recognize
and challenge the State=s attempt to
adjudicate appellant based on the allegation in the third petition that had
been previously waived during proceedings on the second petition.  We affirm.

Background Facts

On November 8, 2004,
appellant pled guilty to aggravated assault with a deadly weapon, pursuant to a
plea bargain.  In accordance with the
State=s recommended punishment, the trial court deferred a finding of guilt
and placed appellant on community supervision for three years. 

The State filed a first
petition to proceed to adjudication on August 14, 2006, alleging that appellant
had violated conditions of his community supervision by using drugs on eight different
dates, by failing to successfully complete drug counseling, by failing to
submit to urinalysis on four different dates, by failing to report to his
probation officer, and by failing to pay fines and court costs.  Instead of adjudicating appellant guilty,
however, the trial court, in accordance with article 42.12, section 22(a) of
the code of criminal procedure, amended the conditions of appellant=s community supervision to include participation in AIntensive Day Treatment program and aftercare@ and 140 days= confinement
in the Tarrant County jail, beginning September 5, 2006.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 22(a) (Vernon Supp. 2007).  The
trial court then dismissed the first petition.








The State filed a second
petition to proceed to adjudication on September 14, 2006, alleging that
appellant had committed the new offense of burglary of a habitation on August
2, 2006.[1]  The petition also included all of the
allegations in the State=s first
petition.  

The trial court held a
hearing on the second petition on October 26, 2006.  At that hearing, appellant=s counsel asked if the State would make an offer that would apply to
both the revocation and burglary cases. 
The prosecutor made an offer good for that day only of ten years= confinement Afor the
revocation and for the new case.@  Appellant rejected the offer
because he wanted community supervision instead of a prison sentence. 








The State then waived the
burglary allegation Afor the
purposes of@ the
revocation hearing, and appellant pled true to the drug use allegations in the
second petition.  After a colloquy
between the trial court and appellant, in which the trial court questioned
appellant about the voluntariness of his plea and admonished him of the
consequences of the plea, appellant=s counsel questioned him about the disposition of the first petition
and about punishment-related matters, i.e., why he was a good candidate for
community supervision.  Appellant=s counsel then called appellant=s mother as a witness and questioned her about appellant=s drug use, ability to complete community supervision, and whether she
would support him if the trial court were to give him community
supervision.  After appellant=s mother testified, the trial court heard argument from appellant and
the State and concluded the hearing as follows:

Part of me B part of me wants to go on
and lock you up and get it over with because you really didn=t
take your probation all that seriously. 
However, I don=t
think you did because you=ve
got a drug problem.  And I=d
like to get you some help for that.

 

I>m going to leave it up to
you.  You want to go to SAFPF[[2]],
or do you want to go to the penitentiary?

 

Now, there
is a kicker on SAFPF that your attorney needs to sit down and talk to you
about, and that is that we=re going to keep you in custody until that bed comes open.  And until you get your other case taken care
of, that bed can=t come
open.  And depending on how that case
comes open, you might do SAFPF and still go off to the penitentiary.  So you need to sit down and talk with your
attorney. 

The appellate record is silent as to whether
appellant discussed the matter with his attorney.  The certificate of proceedings for October
26, 2006 notes that appellant entered a plea of true to paragraph two of the
second petition (the drug use allegations), that the State waived the burglary
offense allegation, that the court admonished appellant, and that appellant was
Ato be sentenced at a later date.@  








The appellate record is
unclear about what happened after the October 26, 2006 hearing.  In January 2007, a new judge became the
presiding judge of the trial court.  On
January 29, 2007, the State filed an AInventory Docket Plea Offer Acknowledgement,@ stating that the State and appellant met in open court and that the
State offered appellant a plea bargain of five years= confinement on both the revocation and burglary cases.  The document goes on to state that the offer
was extended until February 14, 2007 and would be withdrawn if not accepted by
that date.  The document was signed by
appellant=s counsel,
the prosecutor, appellant, and the trial judge. 


Thereafter, on February 20,
2007, the State filed a First Amended Petition to Proceed to Adjudication,
which appellant refers to in his brief as the third petition.[3]  This petition contains the exact allegations
that were in the second petition and adds a new allegation that, on August 2,
2006, appellant possessed a firearm in violation of his community
supervision.  This petition was not
signed by an attorney for the State.  








The trial court heard the
third petition on February 23, 2007.  The
State informed the trial court that it would be proceeding on the first two
paragraphs of the petition only:  the
burglary and firearm allegations. 
Appellant pled Anot true@ to both allegations, and in response to the trial court=s questioning, indicated that he was ready to proceed on the
petition.  

After hearing evidence about
the burglary and firearm allegations, the trial court found them both to be
true.  Based on those findings, the court
adjudicated appellant guilty of aggravated assault with a deadly weapon, the
original charge for which he had been placed on deferred adjudication community
supervision.  At punishment, appellant=s probation officer testified about appellant=s failure to abide by the terms of his community supervision.
Appellant testified on his own behalf. 
At the conclusion of the hearing, the trial court sentenced appellant to
fifteen years= confinement
on the aggravated assault with a deadly weapon offense only.[4]

Analysis

Lack
of Signature on Third Petition

In his first
issue, appellant contends that the trial court was prohibited from proceeding
on the third petition because it was not signed by an attorney for the State
and was therefore void.[5]













Although the code of criminal
procedure requires signatures on both an indictment (grand jury foreperson) and
information (district or county attorney) and requires a Apleading, motion, and other paper filed for or on behalf of a
defendant represented by an attorney@ to be Asigned by at
least one attorney of record in the attorney=s name,@ it has no
similar counterpart specifically requiring the State=s other pleadings, such as a motion to adjudicate, to be so
signed.  Tex. Code Crim. Proc. Ann. arts. 1.052(a) (Vernon 2005),
21.02 (Vernon 1989), 21.21 (Vernon 1989). 
But regardless of whether such a motion must be signed by an attorney
for the State, appellant failed to object to the lack of a signature on the
third petition.  The lack of a required
signature under an indictment or information is not fatal and must be objected
to before trial begins.  See id.
arts. 1.14 (Vernon 2005), 28.10(b) (Vernon 2006) (providing that a matter of
form or substance in indictment or information may be amended after trial on
merits commences if defendant does not object); Ex parte Thomas, 234
S.W.3d 656, 663 (Tex. App.CBeaumont 2007, no pet.) (holding that appellant waived claim that
information was invalid and merely a complaint because not signed by county
attorney in his capacity as charging officer by failing to object); see also
Tatmon v. State, 815 S.W.2d 588, 589-90 (Tex. Crim. App. 1991) (holding
that absence of grand jury foreman=s signature on indictment was not fatal and did not affect its
validity).[6]  Likewise, we hold that appellant must have
objected to the lack of a signature on the third petition to complain about it
on appeal.  See generally Tex. R. App. P. 33.1(a)(1); Mendez
v. State, 138 S.W.3d 334, 339-42 (Tex. Crim. App. 2004); Saldano v.
State, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002).








Here, at the February 23,
2007 hearing, the State informed the trial court that although the third
petition had been filed on February 20, 2007, appellant=s counsel had Ajust
received a copy@ of it.  Appellant=s counsel told the trial court that he did not need additional time to
prepare and that he knew about the firearm allegation and that the third
petition Aalleged the
same set of facts@ as the
second petition.  He failed to object to
the third petition on any grounds. 
Accordingly, we hold that appellant failed to preserve his complaint
about the lack of a signature on the State=s third petition.  We overrule
his first issue.

Whether State Quasi-estopped to Proceed
on Third Petition

In his second issue,
appellant contends that the State should have been quasi-estopped from
proceeding on the third petition because proceedings under the second petition
had not been concluded; thus, appellant contends that by allowing the State to
proceed under the third petition, the trial court unfairly gave the State Atwo bites at the same apple,@ allowing the State to try the burglary allegation that it had
previously waived. 








AIn a felony
case, the state may amend the motion to revoke community supervision any time
up to seven days before the date of the revocation hearing, after which time
the motion may not be amended except for good cause shown, and in no event
may the state amend the motion after the commencement of taking evidence at the
hearing.@[7]  Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(b) (Vernon Supp. 2007) (emphasis added).[8]  Here, the State filed the third petition
(titled State=s First
Amended Petition to Proceed to Adjudication) after the trial court had already
commenced taking evidence in the case, at the hearing on October 26, 2006.  Although this is in violation of article
42.12, section 21(b), appellant failed to object to the State=s proceeding on the third petition on quasi-estoppel or article 42.12,
section 21(b) grounds.  Id.  Accordingly, he failed to preserve this
complaint for our review.  See Tex. R. App. P. 33.1(a)(1); see also
Anderson v. State, Nos. 05-00-01700-CR, 05-00-01701-CR, 05-00-01702-CR,
2001 WL 1346309, at *2 (Tex. App.CDallas Nov. 2, 2001, no pets.) (not designated for publication); Peña
v. State, No. 04-98-00546-CR, 1999 WL 107068, at *2 (Tex. App.CSan Antonio Mar. 3, 1999, pet. ref=d) (not designated for publication). 
We overrule his second issue.








Alleged
Ineffectiveness of Trial Counsel

In his third
issue, appellant contends that his trial counsel rendered ineffective
assistance by failing to object to the third petition on the ground that
appellant had not yet announced his desired punishment, SAFPF or confinement,
in accordance with the trial judge=s comment at the end of the October 26, 2006 hearing.  According to appellant, trial counsel=s deficiencies resulted in his Afifteen year sentence and lost opportunity to be amended [sic] to
SAFPF.@  

To succeed on an ineffective
assistance of counsel claim, an appellant must show not only that counsel=s performance was deficient, but also that the deficient performance
prejudiced the defense.  Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Garza v.
State, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).  To demonstrate prejudice, the appellant must
show a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 694, 104 S. Ct. at 2052; Garza, 213 S.W.3d at 348.








Appellant contends that by
failing to object to the State=s proceeding on the third petition, his trial counsel deprived him of
the opportunity of being sentenced to SAFPF instead of confinement.  But the former trial judge warned appellant
that he would still be subject to confinement while awaiting a SAFPF opening,
that he could not get a SAFPF opening until the separate burglary case was
resolved, and that, depending on the outcome of the burglary case, appellant
might still be subject to confinement after completing SAFPF in the revocation
case.  And it is clear from the record
that appellant wanted to avoid any confinement in this case or in the burglary
case.  He rejected the State=s plea offer at the October 26, 2006 hearing because he wanted Acontinuing probation.@  Appellant also either rejected
or failed to accept the State=s subsequent plea offer of five years= confinement on both the revocation and burglary offenses.  Thus, it is a logical inference from the
record that it was not the State=s third petition that caused appellant to lose the opportunity to be
sentenced to SAFPF in the revocation; it was appellant=s desire to avoid confinement in either of his cases.








Appellant failed to elect
SAFPF in the four months between the October 26, 2006 and February 23, 2007
hearings.[9]  When, at the February hearing, the new
presiding trial judge asked appellant, not his counsel, whether he was ready to
proceed on the burglary and firearm allegations that day, he said, AYes.@  He also said he was not requesting additional
time to prepare.  The State asked the
trial court to take judicial notice of the contents of its file, and appellant=s counsel told the trial court that he had no objection.  Appellant again urged that he receive
community supervision.

If as appellant alleges, the
State unfairly received Atwo bites at
the same apple@ by
proceeding on the third petition, it is then also true that appellant did as
well:  he gambled that the new trial
judge would continue his community supervision rather than sentence him to any
type of confinement.  Appellant does not
contend that his trial counsel failed to inform him or misled him as to the
potential consequences of the February 23, 2007 hearing, nor does he claim that
he did not know what the potential consequences of that hearing were.  Moreover, there was no hearing on a motion
for new trial that would have developed evidence as to such an allegation.  Thus, we cannot conclude that the result of
the proceeding would have been different if appellant=s trial counsel had attempted to quash the third petition.  We overrule appellant=s third issue.

                                             Conclusion

Having overruled appellant=s three issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 








PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 6, 2007











[1]The
State also charged appellant with the burglary in a separate case, number
1035924. 





[2]SAFPF
means ASubstance
Abuse Felony Punishment Facilities.@  Tex.
Gov=t
Code Ann. '
493.009 (Vernon 2004).





[3]For
consistency=s
sake, we will also refer to it as the third petition.





[4]There
is no evidence in the appellate record as to the disposition of the separate
burglary case, number 1035924.





[5]The
former version of article 42.12, section 5(b), which prohibited appeals from
the trial court=s
decision to adjudicate, applies to this case because the revocation hearings
were held before June 15, 2007.  See
Tex. Code Crim. Proc. Ann. art.
42.12, _ 5(b)
(Vernon 2006) (former version), amended by Act of May 28, 2007, 80th
Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423 (Vernon); Davis
v. State, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006); Tatum v. State,
166 S.W.3d 362, 363-64 (Tex. App.CFort Worth 2005, pet. ref=d).  However, the State concedes, and we agree,
that we have jurisdiction to review appellant=s
issues because they Adirectly
relate to the sentence imposed,@ i.e., to appellant=s
claim that because of the complained-of errors, he lost the opportunity to
choose SAFPF as his punishment as offered to him by the former presiding trial
judge.  See Hogans v. State, 176
S.W.3d 829, 834 (Tex. Crim. App. 2005).





[6]Civil
cases also hold that the absence of a signature on a pleading does not affect
its validity.  See W.C. Turnbow
Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256, 257 (Tex. 1946)
(reasoning that a signature on a pleading is a formal requisite and failure to
comply with signature requirement is not fatal to pleading); In re Estate of
Herring, 970 S.W.2d 583, 588 (Tex. App.CCorpus Christi 1998, no
pet.); Brown v. Mulanax, 808 S.W.2d 718, 720 (Tex. App.CTyler
1991, orig. proceeding).





[7]The
rationale for this rule is to prevent the State from adding new or different
grounds for revocation as a result of evidence adduced at the hearing on that
particular motion.  Washington v.
State, 731 S.W.2d 648, 649 (Tex. App.CHouston [1st Dist.] 1987, no
pet.); Johnson v. State, 633 S.W.2d 687, 689 (Tex. App.CAmarillo
1982, pet. ref=d).





[8]The
procedures set forth in article 42.12, section 21 of the code of criminal
procedure are applicable in deferred adjudication cases once the State has
alleged a violation of community supervision. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2007) (AOn
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
section 21 of this article.@).





[9]The
trial court did not give appellant a deadline to make his election.