**Opinion issued May 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00504-CR

_____

**SHEDRICK JOSEPH BAPTISTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1374819**

---

## MEMORANDUM OPINION

A jury found Shedrick Joseph Baptiste guilty of indecency with a child by contact and assessed punishment of five years' confinement. The trial court entered judgment on the jury's verdict and sentenced him accordingly. The trial court also imposed a "Child Abuse Prevention Fine" and assessed court costs.

Baptiste appeals. We modify the judgment by striking the Child Abuse Prevention Fine and affirm the judgment as modified, including Baptiste's conviction, sentence, and court costs.

## I.    Background

Baptiste's appellate issues involve procedural defects in the conduct of the trial and the imposition of punishment. Therefore, a detailed recitation of the underlying facts is unnecessary. It is sufficient to say Baptiste's daughter testified that he molested her on multiple occasions when she was a child.

## II.    Analysis

Baptiste raises seven issues on appeal. First, he contends the indictment was invalid because it was not signed by the grand jury's foreperson. Second, he contends the judgment is void because an associate judge, and not the district judge, conducted voir dire. Third, he contends he was deprived of the right to a fair and impartial jury because the associate judge read the indictment to the venire members during voir dire. Baptiste's fourth, fifth, and sixth issues complain about imposition of the $100 Child Abuse Prevention Fine. And Baptiste's seventh issue challenges the trial court's assessment of court costs.

### A.    Signature on indictment

In his first issue, Baptiste claims the indictment is invalid because it was signed by the assistant grand-jury foreperson, not its foreperson. According to

Baptiste, the lack of the foreperson's signature renders the indictment insufficient under article 21.02 of the Texas Code of Criminal Procedure. Article 21.02 lists a series of "requisites" that an indictment must have to be "deemed sufficient," one of which is that the indictment "shall be signed officially by the foreman of the grand jury." TEX. CODE CRIM. PROC. art. 21.02(9). Baptiste contends the insufficiency of the indictment means the trial court never obtained personal jurisdiction over him and the judgment against him is void.

Assuming Baptiste preserved this issue, the Texas Court of Criminal Appeals has rejected it. *See Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (citing article 21.02 and holding the "lack of a signature is of no consequence in this matter, and is, in fact, not essential to the validity of an indictment"); *Tatmon v. State*, 815 S.W.2d 588, 589, 590 (Tex. Crim. App. 1991) (same); *Owens v. State*, 540 S.W.2d 324, 325–26 (Tex. Crim. App. 1976) (same); *see also Nwosoucha v. State*, 325 S.W.3d 816, 829 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (applying *Riney* and *Owens*).

Baptiste argues the Court of Criminal Appeals overlooked the 1966 changes to article 27.09 of the Code of Criminal Procedure. Article 27.09 provides in relevant part, "Exceptions to the form of an indictment or information may be taken for . . . want of any requisite prescribed by Articles 21.02 and 21.21." TEX. CODE CRIM. PROC. art. 27.09(2).

3

But in *Tatmon*, the Court of Criminal Appeals expressly considered the 1966 changes to article 27.09 and nonetheless concluded that "the absence of [the grand jury foreman's] signature did not adversely affect the validity of the indictment." 815 S.W.2d at 590. Accordingly, we hold the signature of the assistant grand-jury foreperson on Baptiste's indictment did not render it invalid. We overrule Baptiste's first issue.

## B.    Voir dire by associate judge

In his second issue, Baptiste argues his conviction is void because voir dire was conducted by an associate judge. Baptiste acknowledges that two provisions of the Government Code permit this practice. *See* TEX. GOV'T CODE §§ 54A.006(d) ("An associate judge may select a jury."), 54A.008(a)(15) ("Except as limited by an order of referral, an associate judge to whom a case is referred may . . . select a jury."). He nonetheless contends these statutes are unconstitutional because they violate article V, sections 1, 7, and 8 of the Texas Constitution. Section 1 gives Texas district courts their "judicial power," section 7 requires Texas to be divided into judicial districts, "with each district having one or more Judges as may be provided by law or by this Constitution," and section 8 grants district courts original jurisdiction over felony cases. TEX. CONST. art. V, §§ 1, 7, 8.

4

Baptiste contends that, read together, these constitutional provisions give district courts the power to "hear" felony cases and district judges the power to preside over felony cases. He does not claim these provisions ban associate judges altogether but argues, under the Court of Criminal Appeals' decision in *Howard v. State*, they prohibit associate judges from making "ultimate judicial determinations." 690 S.W.2d 252, 255 (Tex. Crim. App. 1985). Baptiste cites authorities recognizing the importance of voir dire, from which he gleans that voir dire "appears to" involve "an ultimate judicial determination" and thus a judicial power that an associate judge cannot exercise. We reject Baptiste's argument.

First, the *Howard* Court held that magistrates were permitted to preside over matters allowed by statute: "simply because a part of the proceedings involve ultimate judicial determination, a magistrate is not prohibited from acting upon those matters authorized by [statute]." 690 S.W.2d at 255. Very recently, the Fourteenth Court of Appeals held that "*Howard* supports a conclusion that the associate judge is clearly authorized to pick a jury because Government Code § 54A.006(d) specifically provides that one of the matters that can be referred to an associate judge in a criminal case is the selection of a jury." *Allen v. State*, No. 14-23-00761-CR, 2025 WL 978216, at *7 (Tex. App.—Houston [14th Dist.] Apr. 1, 2025, no pet. h.) (mem. op., not designated for publication) (same).

Second, in *Clifton v. State*, we explained that article V, section 7 did not bar associate judges from presiding over voir dire:

> Although Article V, Section 7 of the Texas Constitution authorizes elected district court judges to preside over cases pending in district courts, Article V, Section 7 neither vests district court judges with the exclusive authority to do so nor expressly prohibits an unelected judge, including an associate judge, from presiding over any aspect of a felony trial, including voir dire. . . . Thus, contrary to [the defendant's] arguments, the plain language of the Texas Constitution does not bar associate judges from conducting voir dire in criminal cases.

No. 01-22-00641-CR, 2023 WL 5437181, at *12 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication). The Fourteenth Court also addressed this issue, holding "[we] reject appellant's argument that the Texas Constitution expressly provides that only district judges have the power to preside over all aspects of a criminal case and conclude the judgment here is not void." *Allen*, 2025 WL 978216, at *7. Baptiste contends our holding in *Clifton* is "radical" because it means "the Texas Constitution is no bar to associate judges conducting entire trials." But *Clifton*'s conclusion was limited to the aspect of trial before us—voir dire. 2023 WL 5437181, at *12. Hence, there is nothing in article V, section 7 of the Texas Constitution—by itself or in combination with sections 1 and 8—barring associate judges from conducting voir dire.

6

Baptiste also relies on the maxim *expressio unius est exclusion alterius*, which is a statutory-construction aid that means "the expression of one thing implies exclusion of other, unexpressed, things." *State v. Hill*, 499 S.W.3d 853, 866 n.29 (Tex. Crim. App. 2016); *see also Williams v. State*, 965 S.W.2d 506, 507 (Tex. Crim. App. 1998). He asks us to apply this maxim to article V, section 7 of the Texas Constitution to conclude its provisions that district judges preside over district courts implicitly mean they do so to the exclusion of associate judges. We decline to do so.

Assuming *expressio unius* can be applied to the Texas Constitution,[1] it "is not an inflexible rule but is merely an aid in construction." *Ex Parte Campbell*, 267 S.W.3d 916, 923 (Tex. Crim. App. 2008). *Expressio unius* "applies only when the statute under consideration is intended to serve as a comprehensive treatment of a topic or when it relates to a specific exception to a general rule." *Ford v. State*, 305 S.W.3d 530, 537 n.27 (Tex. Crim. App. 2009); *see also Zapata v. State*, 707 S.W.3d 440, 443 (Tex. Crim. App. 2025) (recognizing *expressio unius* "must be applied with great caution, since its application depends so much on context," and the "maxim does not mean that anything not required is forbidden").

Article V, section 7 of the Texas Constitution is not an exception to the general rule, and there is no indication in the text to suggest it is intended to be the

---

[1]  *See Ex Parte Hart*, 41 Tex. Crim. 581, 589 (Tex. Crim. App. 1900) ("The doctrine of 'expressio unius est exclusion alterius' does not apply to state constitutions.").

7

sole and comprehensive treatment of district courts or district judges. Therefore, *expressio unius* does not apply to article V, section 7 to require that only district judges may preside over matters in district courts to the exclusion of all other judicial officers. *See Allen*, 2025 WL 978216, at *6–7; *see also Clifton*, 2023 WL 5437181, at *12. If Baptiste's application of *expressio unius* were correct, then the Texas Constitution would allow no place for associate judges. But as Baptiste concedes, "[t]he fact that associate judges exist . . . is not a constitutional problem." As we stated in *Clifton*, "[t]he Texas Legislature may enact any laws not expressly or inferentially prohibited by the Texas Constitution or the United States Constitution." 2023 WL 5437181, at *10 (citing *Jones v. Williams*, 45 S.W.2d 130, 137 (Tex. 1931)). Because "the Texas Constitution does not bar associate judges from conducting voir dire in criminal cases," the Legislature was free to empower them to do so in Texas Government Code sections 54A.006(d) and 54A.008(a)(15). *Id*. at *12.

We overrule Baptiste's second issue.

## C.    Reading indictment during voir dire

Baptiste's third issue complains that the associate judge read the indictment to the full venire panel during voir dire. He contends Texas law requires an indictment to be read to the petit jury at the beginning of trial, after it has been empaneled, and not to the venire panel during voir dire. *See* TEX. CODE CRIM.

8

PROC. art. 36.01(a). Baptiste argues the trial court's failure to follow this procedure means "the entire voir dire process was based on facts peculiar to the case on trial," thus depriving him of an impartial jury. Baptiste concedes he "did not complain of [the associate judge's] reading of the indictment when it occurred" but contends this is fundamental error under article I, sections 10 and 15 of the Texas Constitution that he can raise for the first time on appeal. *See* TEX. CONST. art. I, §§ 10 (providing for "speedy trial by an impartial jury"), 15 (providing "right of trial by jury shall remain inviolate").

In *Allen*, our sister court rejected the argument that the trial court's reading the indictment during voir dire was fundamental error involving the right to be tried by an impartial jury that could be raised for the first time on appeal. 2025 WL 978216, at *8; *see also White v. State*, Nos. 01-02-00420-CR, 01-02-00421-CR, 2003 WL 22413405, at *1 (Tex. App.—Houston [1st Dist.] Oct. 23, 2003, pet. ref'd) (mem. op., not designated for publication) (appellant waived argument "he was denied a fair trial because the trial court abused its discretion in reading the indictments during voir dire"). We agree and conclude that Baptiste's failure to object means the issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a).

We overrule Baptiste's third issue.

9

**D.** **Child Abuse Prevention Fine**

In his fourth, fifth, and six issues, Baptiste contends the trial court improperly assessed a $100 Child Abuse Prevention Fine under Code of Criminal Procedure art. 102.0186. The State expressed this fine should be stricken from the judgment because it was assessed under article 102.0186 of the Code of Criminal Procedure, which states that a person "shall pay a fine of $100 on conviction of [certain offenses]," one of which is indecency with a child. TEX. CODE CRIM. PROC. art. 102.0186(a). But Article 102.0186 took effect on January 1, 2020. *See* Act of June 15, 2019, 86th Leg. R.S., 2019 Tex. Sess. Law Serv. Ch. 1352 § 5.01. Baptiste committed the offense involved here in 2005, well before the effective date of article 102.0186. The State thus observes that article 102.0186 is inapplicable to Baptiste's offenses and asks us to strike the fine from the trial court's judgment. Baptiste agrees.

Accordingly, we strike the $100 Child Abuse Prevention Fine from the judgment. We overrule Baptiste's fourth, fifth, and sixth issues as moot.

**E.** **Court costs**

In his seventh issue, Baptiste argues the trial court erred by assessing $290 in court costs. He points out that these costs were imposed under provisions of the Texas Local Government Code that took effect on January 1, 2020, whereas he committed the offenses involved here in 2005. *See* TEX. LOC. GOV'T CODE

10

§§ 133.102(a), 134.101(a) (collectively, the "Cost Act"). Baptiste thus asks that we remand the case to the trial court for a correct assessment of court costs. And the State initially agreed the assessment of court costs was incorrect.

But after briefing concluded, the Court of Criminal Appeals decided *Bradshaw v. State*, 707 S.W.3d 412 (Tex. Crim. App. 2024). *Bradshaw* considers the effect of Texas Government Code § 51.608 on the Cost Act. *Id.* at 416–20. Section 51.608 provides, "*[n]otwithstanding any other law* that establishes the amount of a court cost collected . . . the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law *in effect on the date the defendant is convicted* of the offense." TEX. GOV'T CODE § 51.608 (emphasis added). The *Bradshaw* Court held that, under this provision of the Government Code, when a defendant commits an offense prior to January 1, 2020, but is convicted of that offense after January 1, 2020, he is subject to the current version of the Cost Act. 707 S.W.3d at 418–20. Based on *Bradshaw*, the State asks that we affirm the trial court's imposition of $290 in court costs under the current version of the Cost Act.

We agree. Under *Bradshaw*, the trial court's imposition of $290 in court costs under the current version of the Cost Act was correct because Baptiste was convicted in 2023, even though he committed the offense in 2005. *Id.*; *see also* TEX. LOC. GOV'T CODE §§ 133.102(a), 134.101(a); *Joseph v. State,* No.

11

01-23-00937-CR, 2025 WL 714982, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 6, 2025, no pet.) (en banc, per curiam) (holding based on *Bradshaw* that while the offense at issue was committed prior to January 2020, the current version of the Cost Act applied because the appellant was convicted after January 1, 2020). We overrule Baptiste's seventh issue.

### III. Conclusion

We modify the trial court's judgment by striking from it the $100 Child Abuse Prevention Fine. We affirm the remainder of the modified judgment, including Baptiste's conviction, sentence, and court costs.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).